## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA (ORLANDO DIVISION)

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **EVOLUTION MICRO LLC,** | : | **CASE NUMBER: 6-23-bk-04081-TPG** |
| | : | |
| Debtor. | : | **CHAPTER 11** |

---

| | | |
|---|---|---|
| **CADENCE BANK**, formerly known as BancorpSouth Bank, a Mississippi state-chartered bank, successor by merger with Cadence Bank, N.A. | : : : : | COMPLAINT SEEKING REVOCATION OF AN ORDER OF CONFIRMATION PURSUANT TO 11 U.S.C§1144 AND OTHER RELIEF |
| | : | |
| **Plaintiff,** | : | **Adversary Proceeding No.** |
| vs. | : | |
| **EVOLUTION MICRO LLC,** | : | Hon. Judge Geyer |
| | : | |
| **Defendant.** | : | |

---

### PLAINTIFF'S COMPLAINT TO REVOKE DEBTOR'S ORDER OF CONFIRMATION PURSUANT TO 11 U.S.C. §1144 AND OTHER RELIEF

COMES NOW Plaintiff, **CADENCE BANK**, formerly known as BancorpSouth Bank, a Mississippi state-chartered bank, successor by merger with Cadence Bank, N.A. ("**Plaintiff**", "**Creditor**" or "**Cadence**"), by and through undersigned counsel, and files Plaintiff's Complaint to Revoke Debtor's Order of Confirmation Pursuant to 11 U.S.C. §1144 and Other Relief (the "**Complaint**"), whereby Plaintiff sues Defendant, **EVOLUTION MICRO LLC,** a business registered in the State of Florida  ("**Debtor**," "**Borrower**" or "**Defendant**") to revoke the orders of confirmation and their Plan of Reorganization, and alleges:

### PARTIES, JURISDICTION AND VENUE

1.      On September 29, 2023, Debtor filed a voluntary petition (the "**Petition**") for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida.

2.     On October 30, 2023, Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "**341 Meeting**").

3.     Debtor filed a Chapter 11 Plan on November 6, 2023 ("**Plan**").

4.     Confirmation hearing was on December 13, 2023 ("**Confirmation**") and undersigned counsel was present at the Confirmation.

5.     Order Confirming Plan was entered on January 5, 2024 ("**Order**").

6.     This Complaint is timely because the date by which a Complaint seeking an order revoking the Order has not expired under 11 U.S.C. § 1144.

7.     This is an adversary proceeding in which the plaintiff-creditor is seeking to revoke the Order pursuant to 11 U.S.C. § 1144 .

8.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. §1144.

9.     Venue is proper pursuant to 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

10.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(L) and (O).

## PARTIES

11.    Plaintiff is a Mississippi state-chartered bank engaged in the business of extending commercial loans, including Small Business Administration loans.

12.    Plaintiff is a creditor of the Debtor.

13.    Defendant is the Debtor in the above-captioned case who filed the Petition.

14.    Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

## STATEMENT OF FACTS

**A.**     **The Loan Documents**

15.     On or about July 28, 2021, Debtor obtained a Small Business Administration business loan in the principal amount of THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($350,000.00) (the "**Loan**") from Cadence. The Loan is evidenced by that certain $350,000.00 Note, dated as of July 28, 2021, executed under seal and delivered by Debtor, in favor of Cadence (the "**Note**").  A true and correct copy of the Note is attached hereto as Exhibit "A" and are incorporated herein by this reference.

16.     In order to secure repayment of the Note, Borrower executed and delivered that certain Commercial Security Agreement, dated as of July 28, 2021, executed by Borrower, in favor of Cadence (the "**Security Agreement**").  The Loan is further secured by that certain Financing Statement recorded with the Florida Secured Transaction Registry on August 9, 2021 in Instrument No. 202108008765 ("**Financing Staetment**"). A true and correct copy of the Security Agreement and Financing Staetment are attached hereto as composite Exhibit "B" and are incorporated herein by this reference.  The Note, Security Agreement and Financing Statement and any and all agreements and documents identified above or by reference evidencing such Loan, including any and all amendments and supplements thereto, shall collectively be called the "**Loan Documents**".

17.     Cadence is the current holder of the Loan Documents.

18.     Pursuant to the Security Agreement, Borrower granted Cadence, among other things, a security interest lien in certain tangible property associated with the Debtor's business as to all business assets including but not limited to "All Inventory, Chattel Paper, Accounts, Equipment…" (the "**Inventory**").

19.     At the 341 Meeting, Borrower stated that the business was established in 2017 and was a reseller of consumer electronics operating on Newegg, Amazon and Ebay.

**B.     The Bankruptcy Proceeding**

20.     As part of the Petition, Debtor signed, under penalty of perjury, stating that each Debtor read the answers contained in the Petition and that they were accurate, truthful and complete. The Petition also reminds Debtor the consequences of making a false statement or concealing property in connection with a bankruptcy case of which Debtor acknowledged by signing the Petition.

21.     Pursuant to Rules 2002, 9007 and 901(b) of the Federal Rules of Bankruptcy Procedure, Creditor's Counsel filed a Notice of Appearance and Demand for Service of Papers on November 13, 2023.

22.     Cadence filed a timely proof of claim on December 8, 2023 evidencing a priority secured lien on the Inventory and for a secured interest in assets of Debtor ("**Claim**"). Cadence is a first lien holder of Debtor's assets.

23.     Creditor's counsel attended the 341 Meeting on October 30, 2023.

24.     Creditor intended to file an objection to the Plan; however, Counsel for Debtor reassured Creditor's Counsel of Debtor's intent intent to sell the Inventory within 90 days of the Order and pay the Claim in full; however, later it would come to light, Debtor had no intention whatsoever to sell the Inventory.

25.     In February, 2024, Creditor's Counsel followed up with Debtor's Counsel regarding the sale of the Inventory and timing of same. For the very first time, Creditor was made aware that Debtor decided not to sell the assets, and turned over a Bill of Sale to all creditors, including Cadence and the SBA.

26.     According to the Plan pg. 15 Section 2 'Class 2 – Allowed Secured Claim of Cadence Bank, N.A.' states that Cadence shall receive the indubitable equivalent of the Class 2 Claim in the form of the specified Amazon FBA inventory as set forth on the attached Inventory List or the net proceeds from Amazon FBA inventory".

27.     On February 26, 2024, another creditor, Amazon.com Services filed its Response to Objection to Allowance of Claim No. 8 by Amazon.com Services, LLC, whereby disclosing the true facts surrounding the Inventory and ability to sell the Inventory to pay the Claim which was well known prior to the Hearing and Order.

28.     Debtor failed to disclose at the Hearing that Amazon and others had claimed the Inventory were stolen goods and not able to sell in good faith to any third party.

29.     Debtor also failed to disclose Amazon was not cooperating with Debtor in any way to realize a sale of the Inventory to pay the Claim.

30.     Debtor did not provide the truth at the Hearing to conceal material facts or in reckless disregard of material facts to impair the Court, Cadence's Counse, the creditors and interested parties from making an informed judgment regarding the Plan prior to the Hearing.

### COUNT I
### DEBTOR'S CHAPTER 11 CONFIRMATION ORDER SHOULD BE REVOKED PURSUANT TO 11 U.S.C. § 1144 – DEBTOR KNOWINGLY AND FRAUDULENTLY MADE A FALSE OATH OR ACCOUNT

31.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 above as if fully restated herein.

32.     11 U.S.C. § 1144 states "[o]n request of a party in interest at any time before 180 days after the date of entry of the order of confirmation, and after notice and hearing, the court may revoke such order if and only if such order was procured by fraud…."

**False, Fraudulent and Misleading Statements made in Bankruptcy Plan and Hearings**

33.     Based on communication after the Order with Amazon's counsel and its complaint, Debtor's Amazon seller account was blocked by Amazon on April 13, 2023 because it was flagged for selling stolen goods (*see* "Amazon.com Services, LLC's Response to Objection to Allowance of Claim No.8 by Amazon.com Services, LLC" filed February 23, 2024).

34.     Further, information was provided to Cadence that on November 3, 2023, the Debtor's Principal, Fazleabbas Khaki met with Amazon to verify and clear the selling priviliges for Debtor. Amazon notes that not only did Khaki admit that his supplier of goods is "KZ International" an identified seller of stolen goods already flagged on Amazon's system but that he ('Khaki') was the owner of another selling account on Amazon which was suspended for selling stolen goods (Ibid.).

35.     Upon information and belief, KZ International was raided by the California Highway Patrol in July 2023 for being a middelman purveyor of stolen cargo including palets of electronics.

36.     As a result of the November 3, 2023 meeting with Amazon, the Debtor's request to reopen their Amazon account was denied (Ibid.).

37.     Three days following the meeting in which Amazon denied the Debtor's request to reopen his account, Debtor filed the Plan which states that Cadence will receive "the specified Amazon FBA inventory as set forth on the attached Inventory List or the net proceeds from Amazon FBA inventory."

38.     Further, after the Order, Amazon's counsel provided communication to Cadence's Counsel that via electronic messaging with Debtor's counsel Justin M. Luna (hereinafter "Luna") on December 5, 2023:

6

    a. <u>Amazon Attorney</u>: "…To the extent that the Debtor has inventory being stored by Amazon, will it recovering such inventory to sell via other means?"

    b. <u>Luna</u>:  "…We (Debtor) are not going to sell on the platform". (Ibid.)

    c. <u>Amazon Attorney</u>:  "To be clear, does this mean you are rejecting the BSA and ceasing all sales on the Amazon.com marketplace?"

    d. <u>Luna</u>: "We are not going to work with Amazon. Thank you."

39.     In the 341 Meeting, Debtor swore to tell the truth under penalty and perjury. Nevertheless, Debtor failed to disclose any information regarding the reasons for his suspension with Amazon nor any previous suspensions.

40.     Debtor also made numerous false oaths in his filings and hearings. In the 341 Meeting, Debtor made numerous contradictions as to his testimony to the Chapter 11 Trustee and Creditor's Counsel. Specifically, the following testimony was given:

    a. <u>Luna</u>:    "I think you can recall one of the biggest issues in this case has to do with Amazon so the debtor has been working through internal procedures at Amazon which requires them to go to a zoom meeting to talk about what their issues are and how we respond. And so, that meeting took place last week. And so, the takeaway was Amazon would like to see the actual invoices for the purchased goods, which the debtor is in the process of submitting today. Based on previous dealings with Amazon, these things typically are resolved within five to ten business days after submitting those invoices."

41.     These statements constitute intentional false representations and omissions which the Debtor's Confirmation Order should be revoked for fraud pursuant to 11 U.S.C. § 1144 not only as to the timing of statements made in court submissions and court testimony but also in the

failure to present that these items are suspected stolen items which would bar Cadence from accepting the inventory under Florida law.

**Oral Misrepresentations**

42.     In the December 13, 2023 hearing the following statements were made by Luna on behalf of Debtor which we now know to be contrary to the facts:

   a.  Luna: "First, we are working with Amazon to....liquidate the existing inventory that is there. We believe that that value of that inventory once we liquidate it, will satisfy everybody in full according to the waterfall. If to the extent that we don't—and we believe this liquidation process will last about 90—90 days—to the extent that there's not, that's when you get into the payment of any type of remaining allowed secured claim after that."

   b.  Luna:  "So the plan provides a process in which we—the debtor is going to move off the Amazon platform and work with its local and less national resellers for the sale of its products, which is has done to successful terms in the past, just not to the volume. So we are going to be scaling down operations in that respect. During this process, we are working with Amazon to—in an effort to liquidate the remaining inventory, which we will do, that will pay the Class 1, 2 and 3...."

   c.  Luna:  "We believe that we can liquidate. And the reason we're trying to move fast is because this inventory that is at Amazon, we think it is still all in good shape minus a couple of very minor things like small sunscreen or whatnot. But we are working with Amazon so we can liquidate it as fast as possible…and so that's the one of the reasons why we tried to expedite this thing. We think that

we can get that done within this period of time…to the extent that it's not, we will certainly let creditors know about that process and kind of where we are at along—and happy to file reports."

43.     Despite the attestations of liquidation and process made by Debtor, Cadence received a Bill of Sale sometime after January 19, 2024 that was not noticed to Counsel nor to the Court for the inventory to be sent to Cadence directly.  Cadence was not made aware of its exisntence until Cadence's Counsel reached out to Debtor's Counsel to inquire about the timing of the sale of the Inventory to pay the Claim in February 2024.

44.     Cadence would not have agreed to confirmation of the Ch 11 plan if it was aware its secured assets were stolen and not able to resell free and clear to pay its claims and that Debtor had no intention of selling it to pay claims, rather send a Bill of Sale for stolen assets for Cadence to sell in bad faith.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

(a)     That upon a hearing of this matter, the Court revoke the Order entered on January 5, 2024 due to fraud pursuant to  11 U.S.C. §1144; and

(b)     That the Court grant such other relief as is just and proper.

Dated this 2nd  day of July, 2024.

Respectfully submitted,

**THE STARK FIRM, PLLC**

/s/ *Jessica D. Ehrlich*
Jessica D. Ehrlich
Florida Bar No. 22512
3017 Bolling Way NE
Atlanta, Georgia 30305
Phone: (404) 835-2729
Fax: (678) 894-8496
Primary Email: Jessicae@starkfirmpllc.com

9

Second Email: Erinstark@starkfirmpllc.com
*Attorneys for Creditor - Cadence Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a copy of the foregoing **COMPLAINT** with the Clerk of Court using the CM/ECF system, which will electronically serve a copy on all counsel of record and by depositing a true and correct copy of same in the United States Mail with first class postage properly affixed and addressed as follows:

Evolution Micro, LLC
210 Springview Commerce Drive
Unit 120
Debary, Fl 32713

Justin M. Luna, Esq.
Latham, Luna, Eden & Beaudine, LLP
201 S. Orange Ave, Suite 1400
Orlando, Fl 32801

Jerrett M. McConnell, Esq.
McConnell Law Group, PA
6100 Greenland Road Unit 603
Jacksonville, Florida 32258

Bryan E. Buenaventura
US Trustee – ORL
400 Washington Street, Ste 1100
Orlando, FL 32801

Respectfully submitted,
*/s/ Jessica D. Ehrlich*
Jessica D. Ehrlich. Esq.
FBN: 22512
The Stark Firm PLLC, 3017 Bolling Way NE
Atlanta, Georgia 30305
Phone: (404) 835-2729
Fax: (678) 894-8496
Primary Email: jessicae@starkfirmpllc.com
*Attorneys for Creditor - Cadence Bank*